COVINGTON, Supt., Ohio Department of Insurance, as Liquidator
of Personal Physician Care, Inc., Appellant,

v.

THE METROHEALTH SYSTEM, Appellee.

[Cite as *Covington v. The MetroHealth Sys.*, 150 Ohio App.3d 558, 2002-Ohio-6629.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–243.

Decided Dec. 5, 2002.

Kegler, Brown, Hill & Ritter and Jean Suh; Betty D. Montgomery, Attorney General, Scott Myers and Larry D. Pratt, Assistant Attorneys General, for appellant.

Arter & Hadden, LLP, W. Evan Price II, Mary Jo Hudson and Hollie K. Buri, for appellee.

---

PEGGY BRYANT, Judge.

{¶ 1} Plaintiff-appellant, J. Lee Covington II, Superintendent of the Ohio Department of Insurance ("ODI"), in his capacity as liquidator of Personal Physician Care, Inc. ("PPC"), a former health maintenance organization, appeals from a decision and judgment entry of the Franklin County Court of Common Pleas permitting defendant-appellee, The MetroHealth System, to discover ODI documents and testimony relating to a settlement agreement between PPC and defendant, and payments made thereunder, while PPC was under ODI's supervision.

{¶ 2} In late 1997, PPC experienced financial difficulties. Pursuant to statutory oversight authority set forth in R.C. 3903.01 et seq. to protect the interests of insureds, claimants, creditors, and the public, ODI became increasingly involved in PPC's operations. ODI conducted examinations of PPC's operations in September and October 1997, and engaged in supervision of PPC from November 1997 to August 1998, followed by a brief attempt at rehabilitation of PPC. ODI ultimately instituted liquidation of PPC as a going concern on August 20, 1998. During liquidation, the Superintendent of ODI assumed the role of "liquidator" of PPC, with broad powers to wind up the affairs of the liquidated insurer, including collection of debt owed to the insurer, avoidance of the insurer's previous transfers of assets, and payment to creditors and claimants of a pro rata share of debts the insurer owed to them. See, generally, R.C. 3903.21.

{¶ 3} On August 18, 2000, the Superintendent of ODI, acting in his capacity of liquidator of PPC, filed a complaint against defendant, pursuant to R.C. 3903.28, for the return of approximately $2 million in allegedly illegal preference payments PPC made to defendant in January, February, and March 1998. The payments had been made pursuant to a January 29, 1998 settlement agreement under which defendant, a hospital located in Cleveland, agreed to continue to provide health care services to PPC's insureds in exchange for PPC's payment on outstanding claims. The settlement agreement was entered into between PPC and defendant, and PPC made payments to defendant, while PPC was under ODI's confidential formal supervision. See R.C. 3903.09. During such supervision, a supervised insurer's transactions may be subject to ODI's prior approval.

R.C. 3903.09(C); *Fabe v. Prompt Finance, Inc.* (1994), 69 Ohio St.3d 268, 273, 631 N.E.2d 614; affidavit of William Rossbach, Chief Financial Examiner for ODI, 4.

{¶ 4}  In answer to plaintiff's complaint for return of the alleged preference payments, defendant raised various affirmative defenses, including setoff and estoppel.  In asserting estoppel, defendant argued that ODI should be estopped from seeking return of payments PPC made to defendant pursuant to the settlement agreement if ODI, in its supervisory capacity, had knowledge of and approved the settlement agreement and payments made under it.

{¶ 5}  After the trial court denied a summary judgment motion plaintiff brought on its preferential payments claim, defendant issued a broad subpoena duces tecum for ODI and one of its former employees to produce all documents and correspondence relating to the supervision, rehabilitation, and liquidation of PPC. In response, plaintiff filed a motion to quash and for a protective order prohibiting the discovery of confidential or privileged matters defendant sought. Attached to plaintiff's motion was an extensive privilege log detailing documents purportedly falling within defendant's discovery request, and identifying privileges plaintiff claimed applied to prevent disclosure of the various documents.

{¶ 6}  After its review of the privilege log, defendant excluded from its discovery request any documents plaintiff claimed were privileged under the attorney-client or attorney work-product privileges.  Defendant limited its discovery request to testimony and documents concerning the settlement agreement between PPC and defendant, and payments PPC made under it.  Defendant asserted that the limited discovery was relevant and necessary to support its defense that ODI had approved the settlement agreement and therefore should be estopped from challenging the payments PPC made to defendant pursuant to the agreement.  Defendant contended that the testimony and documents were not "confidential" under R.C. 3903.11 or 3901.48, as plaintiff asserted, and thus were not precluded from discovery.

{¶ 7}  In a decision issued January 10, 2002, the trial court found that defendant's discovery request was limited in scope and relevant to its defense in the preference suit plaintiff brought.  The trial court concluded that the confidentiality and/or privilege provisions of R.C. 3903.11 and 3901.48 did not preclude defendant's discovery of ODI documents and testimony concerning the settlement agreement and payments made under it.  The trial court incorporated its decision into a February 4, 2002 judgment entry allowing defendant to proceed with its requested discovery.

{¶ 8}  Plaintiff brings this interlocutory appeal of the court's judgment entry permitting defendant's discovery, and assigns the following errors:

{¶ 9} "First Assignment of Error: The trial court erred by holding that the documents and testimony sought from the Department of Insurance were relevant to the underlying preference action.

{¶ 10} "Second Assignment of Error: The trial court erred by narrowly construing R.C. 3903.11 to encompass only documents pertaining to judicial proceedings.

{¶ 11} "Third Assignment of Error: The trial court erred by ignoring the plain language of R.C. 3901.48 and concluding that examination work papers are subject to release by subpoena."

{¶ 12} As a preliminary matter, because this court's jurisdiction is limited such that we can only "review and affirm, modify, or reverse judgments or final orders," we must first determine whether the trial court's order is final and appealable. See Section 3(B)(2), Article IV, Ohio Constitution. Generally, discovery orders are interlocutory and not immediately appealable. See *Walters v. The Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 120–121, 676 N.E.2d 890; *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 438, 639 N.E.2d 83.

{¶ 13} In its January 10, 2002 decision, the trial court declined to quash defendant's subpoenas or to issue a protective order as to the discovery of matters that plaintiff claimed were confidential and privileged pursuant to R.C. 3903.11 and 3901.48. In so doing, the court stated that "[s]hould plaintiff believe that certain documents sought by defendant are otherwise protected from disclosure, plaintiff should submit these documents to the Court for an *in camera* inspection." (Jan. 10, 2002 Decision, 6.) Thus, the court offered to perform an in camera inspection of any documents defendant requested and plaintiff claimed were protected from disclosure on some basis other than R.C. 3903.11 and 3901.48. As to documents allegedly protected from disclosure solely by virtue of R.C. 3903.11 or 3901.48, the court did not offer to conduct an in camera inspection. The record does not reflect that plaintiff submitted any documents to the trial court for an in camera inspection following the court's decision.

{¶ 14} R.C. 2505.02 statutorily governs what constitutes a final appealable order and provides:

{¶ 15} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 16} "* * *

{¶ 17} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 18} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 19} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02, as amended by Sub.H.B. No. 394, effective July 22, 1998. A "provisional remedy" is defined as a "proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, *discovery of privileged matter,* or suppression of evidence." (Emphasis added.) R.C. 2505.02(A)(3), as amended by Sub.H.B. No. 394, effective July 22, 1998.

{¶ 20} The portion of the trial court's decision that holds that plaintiff is not entitled to a protective order pursuant to R.C. 3903.11 and 3901.48 is final and appealable, and is therefore properly before this court for its immediate review, because it relates to discovery of privileged matters, determines the matters as to the discovery issue, and cannot be meaningfully appealed after final judgment. See *Sirca v. Medina Cty. Dept. of Human Serv.* (2001), 145 Ohio App.3d 182, 184–185, 762 N.E.2d 407; *Amer Cunningham Co., L.P.A. v. Cardiothoracic Vascular Surgery of Akron,* Summit App. No. 20899, 2002-Ohio-3986, 2002 WL 1800323; *Schottenstein, Zox & Dunn v. McKibben,* Franklin App. No. 01AP–1384, 2002-Ohio-5075, 2002 WL 31122804.

{¶ 21} To the extent the trial court's decision directs plaintiff to submit requested materials to an in camera review so the court can determine whether the documents are protected from disclosure on some alternative basis, including other bases of privilege or confidentiality, the order is not a final appealable order pursuant to R.C. 2505.02. See *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 616 N.E.2d 181, syllabus, modified on other grounds, *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331; *Gupta v. The Lima News* (2001), 143 Ohio App.3d 300, 303–304, 757 N.E.2d 1227. Moreover, the trial court's order is deemed interlocutory, and therefore not final and appealable, to the extent the order pertains to matters other than those concerning discovery of privileged matters. This court lacks jurisdiction to conduct an immediate review of such other matters. *Walters; Steckman.*

{¶ 22} Accordingly, this court's review is limited to whether the trial court erred in determining that neither R.C. 3903.11 nor 3901.48 protects plaintiff from defendant's discovery of documents and testimony related to PPC's and defendant's settlement agreement and payments made under the agreement.

{¶ 23} Civ.R. 26(B)(1) provides that parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter

involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." The relevancy test under Civ.R. 26(B)(1) is much broader than the test for relevancy utilized at trial. Matters are only irrelevant at the discovery stage when the information sought will not reasonably lead to the discovery of admissible evidence. *Tschantz v. Ferguson* (1994), 97 Ohio App.3d 693, 715, 647 N.E.2d 507; *Town Centers L.P. v. Montgomery* (Apr. 4, 2000), Franklin App. No. 99AP–689, 2000 WL 342768.

{¶ 24} In Ohio, the burden of showing that testimony or documents are confidential or privileged rests upon the party seeking to exclude it. *Lemley v. Kaiser* (1983), 6 Ohio St.3d 258, 263–264, 6 OBR 324, 452 N.E.2d 1304. A party against whom discovery of confidential information is sought is entitled, for good cause shown, to a protective order which justice requires to protect the party from annoyance, embarrassment, oppression, or undue burden or expense. Civ.R. 26(C). The decision whether to grant or deny the protective order is within the trial court's discretion, and will not be reversed absent an abuse of that discretion. *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59, 61, 29 OBR 441, 505 N.E.2d 957; *Town Centers Ltd.*, supra.

{¶ 25} Here, plaintiff asserts that the testimony and documents defendant sought are not discoverable because they are privileged or confidential, pursuant to R.C. 3903.11 and 3901.48, which at the time of the trial court proceedings provided:

{¶ 26} "In all proceedings and judicial reviews thereof under sections 3903.09 [supervision] and 3903.10 [delinquency] of the Revised Code, all records of the insurer, other documents, and all department of insurance files and court records and papers, so far as they pertain to or are a part of the record of the proceedings, shall be and remain confidential except as is necessary to enforce compliance with those sections, *unless and until the court of common pleas,* after hearing arguments from the parties in chambers, *shall order otherwise,* or unless the insurer requests in writing that the matter be made public. Until such court order or such request from the insurer, all papers filed with the clerk of the court shall be held by the clerk in a confidential file." (Emphasis added.) R.C. 3903.11, as enacted by H.B. No. 830, effective March 7, 1983, subsequently amended by S.B. No. 138, effective June 18, 2002.

{¶ 27} "The work papers of the superintendent or of the person appointed by the superintendent, resulting from the conduct of an examination made pursuant to section 3901.07 of the Revised Code, are confidential and are not a public record as defined in section 149.43 of the Revised Code. The original work papers and any copies of them are not subject to subpoena and shall not be made public by the superintendent or any other person." R.C. 3901.48(B), as enacted by S.B.

No. 67, effective June 4, 1997, subsequently amended by S.B. No. 138, effective June 18, 2002.

{¶ 28} In denying plaintiff's motion for a protective order, the trial court stated that "[p]laintiff may not initiate a lawsuit to compel defendant to return payments made under the settlement agreement and then deny defendant the evidence necessary to defend itself in the lawsuit." (Jan. 10, 2002 Decision, 4.) The court's statement is in accord with the subject matter waiver doctrine first enunciated in *Hearn v. Rhay* (E.D.Wash.1975), 68 F.R.D. 574, 581, and subsequently followed by courts in other jurisdictions and in Ohio, including this court. See *Frank W. Schaefer, Inc. v. C. Garfield Mitchell Agency, Inc.* (1992), 82 Ohio App.3d 322, 330–331, 612 N.E.2d 442; *H & D Steel Serv., Inc. v. Weston, Hurd, Fallon, Paisley & Howley* (July 23, 1998), Cuyahoga App. No. 72758, 1998 WL 413772; *Ward v. Graydon, Head & Ritchey* (2001), 147 Ohio App.3d 325, 770 N.E.2d 613, appeal dismissed (2002), 94 Ohio St.3d 1507, 764 N.E.2d 1037; *G. Rand Smith Co., L.P.A. v. Footbridge Capital, LLC,* Union App. No. 14–01–39, 2002-Ohio-2189, 2002 WL 987846; *Schottenstein, Zox & Dunn,* supra.

{¶ 29} Under the subject matter waiver doctrine, *Hearn* and its progeny employ a tripartite test to determine whether a privilege has been waived. Pursuant to the test, if (1) assertion of a privilege is the result of some affirmative act, such as the filing of a lawsuit, by the asserting party, (2) through the affirmative action the asserting party has placed the allegedly protected information at issue by making it relevant to the case, and (3) application of the privilege would deny the opposing party access to information vital to its defense, a court should find that the asserting party has waived the privilege through its affirmative conduct. Id. at 581. Accord *Schottenstein, Zox & Dunn,* supra.

{¶ 30} Here, plaintiff's assertion of the statutory privileges arises out of an affirmative act on the part of plaintiff, that being the filing of this lawsuit against defendant. *Hearn; Schottenstein, Zox & Dunn,* supra. Accordingly, the first factor is established.

{¶ 31} By filing the lawsuit for the return of the alleged preference payments defendant received, pursuant to the settlement agreement, plaintiff placed in issue defendant's estoppel defense: whether ODI had knowledge of and approved the settlement agreement and payments made to defendant under the agreement. Where such a defense is successfully asserted, it "prevents one from asserting a claim or right that contradicts what one has said or done before or what has been legally established as true." Blacks Law Dictionary (7th Ed.1999) 570. Accordingly, the second factor of the *Hearn* test is satisfied because plaintiff put the allegedly protected information at issue and it is directly relevant to the estoppel defense defendant raised.

566

{¶ 32} In response, plaintiff contends that an estoppel defense cannot lie against the state, and therefore the requested discovery is not at issue in plaintiff's action to recover payments PPC made to defendant. In some instances, however, estoppel may lie against the state. Moreover, the very documents defendant seeks may be particularly significant to demonstrating whether estoppel applies under the facts of this case.

{¶ 33} The third and final factor of the *Hearn* test is met here because application of the statutory privileges would deny defendant information vital to its estoppel defense. "Vital information" necessarily implies that the information is unavailable from any other source. See *Ward,* 147 Ohio App.3d at 332, 770 N.E.2d 613; *H & D Steel,* supra; *Frontier Refining, Inc. v. Gorman–Rupp Co., Inc.* (C.A.10, 1998), 136 F.3d 695, 701. Given the confidential nature of ODI's supervision, evidence of whether ODI had knowledge of and approved the settlement agreement or payments made under the agreement would necessarily not be available from any other source.

{¶ 34} Because the tripartite test in *Hearn* has been satisfied, the subject matter waiver doctrine operates to allow defendant discovery of information relevant to and within the parameters of its estoppel defense: matters concerning ODI's knowledge or approval of the settlement agreement and payments made to defendant pursuant to the agreement. As a result, plaintiff cannot claim statutory privileges under R.C. 3903.11 or 3901.48 in this case, and plaintiff's first assignment of error is overruled.

{¶ 35} Plaintiff's second and third assignments of error raise questions rendered moot by our disposition of plaintiff's first assignment of error: (1) whether the trial court should have conducted an in camera inspection of ODI's documents to determine whether the statutory privileges protect the documents, and (2) whether the trial court misconstrued R.C. 3903.11 as encompassing documents pertaining only to judicial, not administrative, proceedings.

{¶ 36} Having overruled plaintiff's first assignment of error, rendering plaintiff's second and third assignments of error moot, we affirm the trial court's judgment denying plaintiff's motion for a protective order and allowing defendant discovery of matters concerning the settlement agreement between PPC and defendant and payments made under the agreement.

Judgment affirmed.

TYACK, P.J., and PETREE, J., concur.