CIRCELLI et al., Appellants,

v.

KEENAN CONSTRUCTION et al., Appellees.

[Cite as *Circelli v. Keenan Constr.*, 165 Ohio App.3d 494, 2006-Ohio-949.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–886.

Decided March 2, 2006.

496

---

The Plymale Partnership, L.L.P., and Andrew W. Cecil, for appellant Frank Circelli.

Freund, Freeze & Arnold, L.P.A., and Steven C. Findley, for appellant Truberry Group.

Mazanec, Raskin & Ryder Co., L.P.A., Robert H. Stoffers, and David K. Frank, for appellee Keenan Construction.

---

BRYANT, Judge.

{¶ 1} Plaintiffs-appellants, Frank Circelli (individually, "Circelli") and his wife, Barbara Circelli (jointly, "plaintiffs"), and defendant-appellant, Truberry Group ("Truberry"), have filed a joint appeal from a judgment of the Franklin County Court of Common Pleas, granting the summary judgment motion of defendant-appellee, Keenan Construction ("Keenan"). In addition, Truberry appeals from the denial of its motion for summary judgment. Because a genuine issue of material fact precludes summary judgment to Keenan, we reverse that aspect of the court's judgment. Because the denial of Truberry's motion for summary judgment is not a final, appealable order, this court lacks jurisdiction to consider the merits of that aspect of Truberry's appeal.

{¶ 2} In 2000, Truberry was hired to construct a new home for Harold McClune. Truberry served as the general contractor for the construction project and subcontracted with Keenan to frame the home; another subcontractor, Circelli, was to install the plumbing. As part of its framing duties, Keenan was responsible for installing a temporary prefabricated staircase from the structure's first floor to the basement. Keenan installed the prefabricated staircase by attaching the top riser of the stairs to the first floor joist using approximately four to five nails in a straight or slightly staggered line. The bottom of the staircase was supported by two-by-fours attached to both sides of the stringers, which vertically extended to the floor joist.

{¶ 3} On May 1, 2000, the temporary staircase collapsed as Circelli and McClune descended it. Circelli fell approximately 12 feet to the basement ground and, as a result, sustained physical injuries. On March 22, 2002, plaintiffs filed suit in the Franklin County Court of Common Pleas against Keenan and Truberry, alleging that (1) Keenan had "negligently installed the collapsed stairs giving rise to [Frank Circelli's] injuries" and that (2) Truberry had violated its duty to keep the construction premises safe and, further, had either negligently installed the stairs or had caused them to be negligently installed. Truberry and Keenan filed cross-claims for indemnification and contribution.

{¶ 4} Truberry and Keenan each moved for summary judgment on all claims, and plaintiffs moved for summary judgment against Keenan on the negligence claim. The trial court ultimately entered a judgment entry denying Truberry's and plaintiffs' motions for summary judgment, granting Keenan's motion for summary judgment, and finding "no just reason for delay" pursuant to Civ.R. 54(B).

{¶ 5} The trial court granted summary judgment to Keenan because it found that Keenan did not owe Circelli an affirmative duty under R.C. 4101.11. Moreover, even if Keenan owed Circelli a duty of ordinary care, the trial court concluded that the evidence was insufficient to create a genuine issue of material fact about whether Keenan had used less than ordinary care in installing the prefabricated staircase. Accordingly, the court found Keenan entitled to judgment as a matter of law on plaintiffs' negligence claim and Truberry's cross-claim for indemnification. In the same decision and entry, the trial court denied Truberry's motion for summary judgment because it found a genuine issue of material fact as to whether Truberry had actively participated in Circelli's work, which in turn created a genuine issue about whether Truberry, pursuant to R.C. 4101.11, owed Circelli an affirmative duty to keep the construction site in a reasonably safe condition.

{¶ 6} On August 24, 2005, plaintiffs and Truberry filed a joint notice of appeal. Plaintiffs assigns a single error:

The trial court erred in granting summary judgment to the Defendant–Appellee Keenan Construction by misapplying R.C. 4101.11, the Frequenter Statute, finding that Keenan Construction did not owe a duty to Plaintiff–Appellant Frank Circelli and that Keenan Construction was not negligent in their installation of the staircase.

Truberry assigns two errors:

1. The trial court erred in denying Appellant Truberry Group's Motion for Summary Judgment against Appellee Frank Circelli in the Decision and Entry filed on June 15, 2005.

2. The trial court erred in granting Appellee Keenan Construction's Motion for Summary Judgment against Appellant Truberry Group in the Decision and Entry filed on June 15, 2005.

{¶ 7} An appellate court's review of summary judgment is conducted under a de novo review. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, citing *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. We apply the same standard as the trial court and conduct an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765; *Brown* at 711, 622 N.E.2d 1153. We affirm the trial court's judgment if any of the grounds that the movant raised before the trial court support the judgment. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41–42, 654 N.E.2d 1327.

{¶ 8} Summary judgment is appropriate only where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment

as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. A party seeking summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264.

{¶ 9} Since plaintiffs' single assignment of error and Truberry's second assignment of error are functionally equivalent, they will be discussed together. Plaintiffs' arguments are that (1) the trial court erred in granting summary judgment in favor of Keenan because R.C. 4101.11 does not preclude plaintiffs' negligence claim and (2) because Keenan owed Circelli a duty of ordinary care, a genuine issue of material fact remains as to whether Keenan breached that duty by installing the prefabricated staircase in a substandard fashion.

{¶ 10} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 423 N.E.2d 467. R.C. 4101.11, commonly referred to, with its companion provisions, as the "frequenter" statutes, imposes an affirmative duty upon an employer to keep its property in a reasonably safe condition for the welfare of its employees and frequenters of the workplace. An independent contractor, however, "who lacks a contractual relationship with a second independent contractor owes no affirmative duty beyond that of ordinary care to the employees of the second contractor, where the first contractor does not supervise or actively participate in the second contractor's work." *Kucharski v. Natl. Engineering Contracting Co.* (1994), 69 Ohio St.3d 430, 633 N.E.2d 515, syllabus. As a result, even when two or more independent contractors are engaged in work on the same premises that does not implicate the frequenter statute, the first independent contractor owes a duty in prosecuting its work to use ordinary and reasonable care not to cause injuries to the employees of the second contractor. Id.

{¶ 11} Here, Circelli was the plumbing subcontractor and Keenan was the framing subcontractor for Truberry, the general contractor. As the trial court correctly concluded, Keenan did not owe Circelli an affirmative duty under R.C. 4101.11 because Keenan was an independent subcontractor that did not employ, contract with, supervise, or actively participate in Circelli's plumbing work. Keenan, however, owed Circelli a duty of ordinary care arising from his spatial relationship to Circelli on the construction site. Although the trial court

also found insufficient evidence to create a genuine issue of material fact that Keenan had breached its duty of ordinary care to Circelli, the record contains evidence, when viewed in a light most favorable to plaintiffs, suggesting that Keenan did not use ordinary care in installing the prefabricated staircase.

{¶ 12} According to the evidence submitted with the summary-judgment motions, the staircase collapsed because the top riser of the stair split across the grain of the wood. Plaintiffs presented deposition testimony explaining that a contractor should stagger nails into a riser when attaching a prefabricated staircase to a floor joist because the staggering reduces the likelihood that the riser will split. Additional deposition testimony reveals that Keenan only slightly staggered the nails into the riser when it installed the staircase. Plaintiffs' evidence creates a genuine issue as to whether staggered nailing is the appropriate standard of care required in installing a prefabricated staircase and whether Keenan, in fact, installed the staircase in such manner. Such issues preclude summary judgment in favor of Keenan. Plaintiffs' single assignment of error and Truberry's second assignment of error are sustained.

{¶ 13} Truberry's first assignment of error contends that the trial court erred in denying Truberry's motion for summary judgment against plaintiffs. Truberry asserts that it was not negligent as a matter of law because it did not owe a duty to Circelli, its subcontractor, by virtue of its supervisory capacity as general contractor. Before we address the merits of Truberry's first assignment of error, we first must address whether the trial court's denial of Truberry's motion for summary judgment is a final, appealable order.

{¶ 14} An appellate court's jurisdiction is limited to the review of "judgments or final orders" of lower courts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; *Stevens v. Ackman* (2001), 91 Ohio St.3d 182, 185, 743 N.E.2d 901. "[T]he entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, quoting *Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 306, 56 O.O.2d 179, 272 N.E.2d 127. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 816 N.E.2d 597, 2004-Ohio-5580, at ¶ 4, quoting *Bell v. Horton* (2001), 142 Ohio App.3d 694, 696, 756 N.E.2d 1241.

{¶ 15} An order adjudicating one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. *Noble,*

supra. Even if a trial court includes Civ.R. 54(B) language that "there is no just reason for delay," we are without jurisdiction to entertain the appeal and must dismiss it without reaching the merits if the order is not a final, appealable order under R.C. 2505.02. *Noble,* 44 Ohio St.3d at 96, 540 N.E.2d 1381.

{¶ 16} Generally, the denial of a motion for summary judgment does not constitute a final, appealable order under R.C. 2505.02 and thus is not subject to immediate appeal. *Stevens,* 91 Ohio St.3d at 186, 743 N.E.2d 901. A denial of a motion for summary judgment neither determines an action nor prevents a judgment; therefore, unless the order fits into one of the categories set forth in R.C. 2505.02(B)(1) through (6), the order is not final and appealable. See *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292. Truberry asserts that the order is final and appealable pursuant to R.C. 2505.02(B)(1).

{¶ 17} R.C. 2505.02(B)(1) provides that an order is final when the order "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" A substantial right is a legal right that is entitled to enforcement and protection by law. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64; see R.C. 2505.02(A)(1) (defining a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect"). An order affecting a substantial right is "one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181.

{¶ 18} Truberry contends that the trial court's decision affects its substantial procedural right to adjudication as a matter of law under Civ.R. 56. Even if we agree that summary judgment as a rule of procedure is a "substantial right" under R.C. 2505.02, we are unclear how the trial court's denying the motion "determines the action and prevents a judgment." See R.C. 2505.02(B)(1). The trial court's ruling did not prevent Truberry from obtaining a final judgment in its favor; rather, Truberry still has the right to contest its liability in the future. Since the portion of the trial court's order denying Truberry summary judgment did not determine Truberry's claim or prevent Truberry from obtaining judgment in its favor in the future, it does not qualify as a final order under R.C. 2505.02(B)(1). As a result, we lack jurisdiction to pass upon the merits of Truberry's contentions. Accordingly, Truberry's first assignment of error is dismissed.

{¶ 19} Having sustained plaintiffs' single assignment of error and Truberry's second assignment of error, and having dismissed Truberry's first assignment of

error for lack of a final, appealable order, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE and FRENCH, JJ., concur.