{¶ 34} My colleagues' analysis of the substantive issues in this case makes evident why we should hold that we lack jurisdiction in this matter. The trial court, not this court, should undertake the intricate analysis of which portions of defendants' discovery requests may seek privileged material and which may not. I do not believe that, at this stage of the proceedings, appellant has demonstrated that the trial court's order compelling discovery "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy." R.C. 2505.02(B)(4)(a). On this basis, I would find that the trial court's order is not final and appealable. Accordingly, I dissent.
 {¶ 35} Appellants are appealing from the trial court's disposition of a discovery motion. Because this order does not dispose of any claim at all, much less the entire action, it is in an unusual procedural posture for appeal. However, R.C.2505.02(B)(4) does make final and appealable "[a]n order that grants or denies a provisional remedy and to which both of the following apply: (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy. (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for * * * discovery of privileged matter * * *." R.C.2505.02(A)(3).
 {¶ 36} This court clearly does not have jurisdiction at this time to review appellants' claim that some of the ordered discovery is not relevant. Covington v. Metrohealth Sys.,150 Ohio App.3d 558, 563, 2002-Ohio-6629, ¶ 21. Consequently, the third assignment of error should be dismissed.
 {¶ 37} In my opinion, the trial court's order also does not determine the action with respect to the discovery of privileged matter and prevents a judgment in plaintiffs' favor on these issues. The court's order only said, "Defendant's motion to compel, filed 7/20/05, is granted." The motion to compel did not clearly request disclosure of privileged matter. The motion contended that plaintiffs did not adequately respond to requests for documents concerning (a) payroll taxes and corporate taxes, (b) communications between Par One and Elaine Berrios, and (c) Par One's files regarding any proceeding against them by a government agency for failure to pay taxes. The motion also asserted that plaintiffs did not provide a privilege log for documents they claimed to be subject to the attorney-client privilege. The motion finally complained about plaintiffs' failure to produce any evidence concerning Miller's claim for emotional distress. The court order granting this motion, without further explanation, did not ipso facto require plaintiffs to provide information they claim to be privileged. Indeed, one possible construction of the court's order is that plaintiffs should provide the defendants with a privilege log. The privilege issues have not been fully litigated yet; plaintiffs have further opportunities to assert their privilege. Consequently, in my opinion, the order is not final and appealable.