DECISION. *Page 2 
{¶ 1} Defendant-appellant Safe Auto Insurance Company appeals from the trial court's entry denying, among other things, its motion for a protective order, its motion to deem requests admitted, and its motion for summary judgment, and granting plaintiff-appellee Henry Hooten's motion to compel discovery.
 {¶ 2} Hooten initiated the underlying lawsuit against Safe Auto, his insurance company, following his involvement in an automobile accident in May 1997. Safe Auto refused to provide coverage, contending that Hooten had lacked a valid drivers' license at the time of the accident, as required under his policy. After several years of litigation, this court ultimately affirmed the trial court's entry granting summary judgment to Safe Auto on all of Hooten's claims, except his breach-of-contract claim.[1]
 {¶ 3} In our decision, we concluded that a genuine issue of material fact remained on Hooten's contract claim because it was unclear from the record "whether Hooten had a valid drivers' license or whether he had paid the reinstatement fee at the time of the accident."[2]
Consequently, we remanded the case to the trial court for a determination "(1) whether the court-ordered letter to drive alone gave Hooten the authority to legally drive his vehicle; and (2) whether Hooten paid his reinstatement fee at the time of the accident."[3] *Page 3 
 {¶ 4} Following our remand, the case was reassigned to a new judge, and the parties engaged in additional discovery. Hooten served Safe Auto with several sets of interrogatories and requests for production of documents. Safe Auto served Hooten with three sets of requests for admissions. Hooten responded to the first set of requests for admissions, but he did not respond to the other two sets of requests for admissions.
 {¶ 5} Safe Auto subsequently filed a motion seeking a determination that Hooten had admitted the remaining factual matters, pursuant to Civ.R. 36, and a motion for summary judgment based upon the admissions. In the meantime, Hooten had filed a notice of deposition for the records custodian at Safe Auto. The notice contained a subheading entitled "subpoena duces tecum," which ordered Safe Auto to produce 31 separate categories of documents at the deposition.
 {¶ 6} On September 27, 2006, Safe Auto filed a motion for a protective order. It argued that the deposition notice was untimely and that it contained an overly broad subpoena for the production of documents unrelated and irrelevant to the remaining breach-of-contract claim, including the "legal opinions from either in-house or outside counsel which supported] [Safe Auto's] decision to deny Hooten's claim." Consequently, it sought an order from the trial court preventing the deposition of its records custodian and the production of the requested documents.
 {¶ 7} Hooten responded by filing a motion to compel Safe Auto's appearance at the deposition as well as its compliance with the subpoena. Safe Auto filed a memorandum opposing the motion to compel, arguing again that the *Page 4 
discovery deadline had long since passed and that the document requests were overbroad and unrelated to Hooten's remaining breach-of-contract claim.
 {¶ 8} Following oral argument on the motions, the trial court journalized an entry granting Hooten's motion to compel and denying Safe Auto's motion for a protective order. In the same entry, the trial court also denied Safe Auto's motion to deem its requests admitted pursuant to Civ.R.36, as well as its motion, pursuant to Civ.R. 56, for summary judgment.
 {¶ 9} Safe Auto now appeals from the trial court's entry, raising three assignments of error. In its first assignment of error, Safe Auto claims that the trial court erred by denying its motion for a protective order and granting Hooten's motion to compel. In its second and third assignments of error, Safe Auto argues that the trial court erred by denying its motion to deem its requests admitted, and by denying its motion for summary judgment.
 {¶ 10} Before reaching the merits of Safe Auto's arguments, however, we must determine whether the entry from which its appeal derives is a final appealable order. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. If an order is not final and appealable, this court lacks jurisdiction and must dismiss the appeal.[4] If the parties do not raise the jurisdictional issue, we are required to raise it sua sponte.[5]
 {¶ 11} In this case, Hooten filed a motion to dismiss Safe Auto's appeal for lack of a final appealable order. In its brief opposing the motion, Safe Auto *Page 5 
argued that the trial court's entry ordered the discovery of confidential information, namely, "the legal opinions from either in-house or outside counsel which supported] [Safe Auto's] decision to deny Hooten's claim," and that it was therefore, a final appealable order under R.C. 2505.02(B)(4). On April 4, 2007, we issued an order summarily overruling Hooten's motion to dismiss the appeal. We have now reviewed the record in its entirety. Based upon our review, we feel compelled not only to revisit this issue, but also to conclude that the entry from which Safe Auto has appealed is not a final appealable order.
 {¶ 12} An order is final only if it meets the requirements of R.C.2505.02. Generally, discovery orders are interlocutory and, as such, are neither final nor appealable.[6] R.C. 2505.02(B), however, defines a final order to include the following:
 {¶ 13} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 14} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 15} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 16} "R.C. 2505.02(A)(3) defines a `provisional remedy' as a remedy sought in a `proceeding ancillary to an action' and specifically includes in its *Page 6 
nonexclusive list of examples a remedy sought in `a proceeding for * * * [the] discovery of [a] privileged matter.'"[7]
 {¶ 17} Thus, "[t]o satisfy R.C.2505.02(B)(4) and constitute a final appealable order, an order must grant or deny a provisional remedy and both subsections (a) and (b) must apply."[8]
 {¶ 18} The trial court's order in this case fails to satisfy the requirements of R.C. 2505.02(B)(4). Safe Auto never asserted that any of the documents requested by Hooten were privileged.[9] Rather, the sole basis for Safe Auto's request for a protective order was its argument that the deposition notice was untimely and that the document request was overbroad because it sought the production of documents unrelated to the remaining breach-of-contract claim.[10] Safe Auto reiterated this argument in its memorandum opposing Hooten's motion to compel.
 {¶ 19} Had Safe Auto argued that its compliance with Hooten's document requests would have resulted in the disclosure of confidential information, the appropriate procedures could have been pursued in the trial court, including an evidentiary hearing and the submission of the contested materials for an in camera review.[11] The trial court could have then determined if the documents were protected from disclosure on the basis of the asserted privilege. But because *Page 7 
Safe Auto never asserted this argument before the trial court, the trial court never had the opportunity to address the nature of the documents subpoenaed, to follow the procedures related to a review of such documents, and, if appropriate, to order or deny the disclosure of the documents.
 {¶ 20} Thus, outside of Safe Auto's bare assertion, in its response to the motion to dismiss this appeal, that the trial court's order would result in the disclosure of confidential information, there is nothing in the record that would indicate whether the requested documents are privileged. We, therefore, cannot say that the trial court's order addressed a provisional remedy. Furthermore, the trial court's order never determined the action with respect to the provisional remedy, nor prevented a judgment in the action in favor of Safe Auto, the appealing party with respect to the remedy.[12] Because the trial court's order does not meet the criteria set forth in R.C. 2505.02(B)(4) to justify a departure from the general rule that discovery orders are not final and appealable orders, we lack jurisdiction to review that portion of the trial court's order compelling the discovery at issue.[13]
 {¶ 21} We also lack jurisdiction to conduct an immediate review of that portion of the trial court's order denying Safe Auto's motion to deem its requests admitted pursuant to Civ.R. 36, as well as its motion, pursuant to Civ.R. 56, for summary judgment.[14] Because we have determined that the trial court's entry is *Page 8 
not a final appealable order, we are without jurisdiction to entertain this appeal. For that reason, the appeal is dismissed.
Appeal dismissed.
HENDON and CUNNINGHAM, JJ., concur.
[1] See Hooten v. Safe Auto Insurance Co., 1st Dist. No. C-010576,2004-Ohio-451.
[2] Id. at ¶ 24.
[3] Id. at ¶ 25.
[4] R.C. 2505.02.
[5] Davison v. Rini (1996), 115 Ohio App.3d 688, 692,686 N.E.2d 278.
[6] See Gibson-Myers Associates, Inc. v. Pearce (Oct. 27, 1999), 9th Dist. No. 19358.
[7] Sirkin v. McBurrows (Dec. 3, 1999), 1st Dist. No. C-980968.
[8] Briggs v. Mount Carmel Health Sys., 10th Dist. No. 07AP-251,2007-Ohio-5558, at ¶ 12; see, also, In re Special Docket No. 73958, ___Ohio St.3d ___, 2007-Ohio-5268, ___N.E.2d ___, at ¶ 23, ¶ 28 and ¶ 30; State v. Muncie, 91 Ohio St.3d 440, 446, 2001-Ohio-93,746 N.E.2d 1092.
[9] See, e.g., Covington v. The MetroHealth Sys., 150 Ohio App.3d 558,2002-Ohio-6629, 782 N.E.2d 624, at ¶ 24 ("the burden of showing that testimony or documents are confidential or privileged rests upon the party seeking to exclude it").
[10] See Miller v. Bassett, 8th Dist. No. 86938, 2006-Ohio-3590, at ¶ 34-37 (Rocco, J., dissenting).
[11] See Grace v. Mastruserio, 1st Dist. No. C-060732, 2007-Ohio-3942, at ¶ 39.
[12] See, e.g., Hanshaw v. Tsou, 4th Dist. No. 01CA6, 2001-Ohio-2377.
[13] See, e.g., State v. Peagler, 76 Ohio St.3d 496, 1996-Ohio-73,668 N.E.2d 489, paragraph one of the syllabus.
[14] Covington, supra, at ¶ 20-22; see, also, Circelli v. KeenanConstruction, 165 Ohio App.3d 494, 2006-Ohio-949, 847 N.E.2d 39, at ¶ 14-18; Bocks v. Westinghouse Materials Co. of Ohio (Mar. 19, 1997), 1st Dist. Nos. C-960541 and C-960572; O'Brien v. White Getgey,Inc. (Oct. 27, 1975), 1st Dist. No. C-74610. *Page 1