[Cite as *Eberhard Architects, L.L.C. v. Schottenstein, Zox & Dunn Co.*, 2013-Ohio-5319.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99867**

# EBERHARD ARCHITECTS, L.L.C.

PLAINTIFF-APPELLEE

vs.

# SCHOTTENSTEIN, ZOX & DUNN CO., ETC.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-781105

**BEFORE:** Blackmon, J., Stewart, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 5, 2013

**ATTORNEYS FOR APPELLANT**

Jay E. Krasovec
Jonathon W. Groza
Ice Miller, L.L.P.
600 Superior Avenue East
Suite 1701
Cleveland, Ohio 44114

**ATTORNEY FOR APPELLEE**

Rick L. Ferrara
The Lindner Law Firm, L.L.C.
2077 East 4th Street
Second Floor
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Schottenstein, Zox & Dunn Co., d.b.a. Ice Miller, L.L.P. ("SZD") appeals the trial court's denial of its motions for a protective order and assigns the following two errors for our review:

> I.  The trial court erred in denying defendant-appellant's February 25, 2013 [sic] motion for a protective order.

> II.  The trial court erred in denying defendant-appellant's April 3, 2013 motion for protective order regarding its corporate representatives' depositions and to quash invalid subpoenas.

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision.  The apposite facts follow.

## Facts

**{¶3}** On April 23, 2012, appellee Eberhard Architects, L.L.C. ("Eberhard") filed a complaint against SZD alleging breach of contract, unjust enrichment, and prejudgment attachment under R.C. 2715.01.  Underlying the allegations was Eberhard's contention that it had performed work related to SZD's new office space, which SZD refused to pay.  SZD argued that no contract was entered into with Eberhard, and the work performed by Eberhard was to entice SZD to retain Eberhard.

**{¶4}** SZD failed to provide documents that Eberhard requested during discovery.  Eberhard, therefore, filed a motion to compel on October 5, 2012.  In response, SZD filed a motion for a protective order and memorandum in opposition to the motion to compel, arguing that the information requested was "proprietary and confidential."

Eberhard filed a brief in opposition to the protective order. On February 5, 2013, the trial court denied the protective order stating:

> Plaintiff's motion to compel is granted. Defendant shall produce the requested items in request for production of document numbers 1-5 and respond to interrogatory numbers 8-11. Defendant's motion for protective order is denied.

Journal Entry, February 5, 2013.

{¶5} On February 27, 2013, SZD filed a second motion for a protective order. In its motion it stated it would provide the documents and information ordered by the court, but desired to have the documents placed under seal because it maintained the documents contained "confidential and proprietary" information. Eberhard opposed the motion arguing (1) the court had already concluded the information was not confidential, (2) SZD failed to state why the lease was confidential and failed to request an in camera inspection, and (3) the proposed protective order was overbroad and would prejudicially affect the management of the case because it would apply to over 1,200 documents.

{¶6} While this motion was pending, Eberhard attempted to serve a subpoena on several corporate representatives affiliated with SZD. In response, SZD filed a motion for a protective order regarding the taking of its corporate representatives' depositions and a motion to quash the subpoenas. SZD argued the protection order was needed to protect confidential and privileged information pending the trial court's decision on the second protection order. SZD also argued that the subpoenas were invalid because (1) the subpoenas provided only two business days notice for the scheduled depositions and

(2) were not served by an appropriate person pursuant to Civ.R. 45(B) because the process server was not a person appointed by the court.

{¶7} Eberhard responded by filing a brief in opposition to the motion to quash and also filed a second motion to compel along with a motion to show cause and a request for sanctions for the failure to appear for a deposition.

{¶8} On April 22, 2013, the trial court conducted a hearing on the pending motions. The trial court concluded at the hearing that the documents were not confidential. The trial court then instructed as follows regarding the depositions:

> And, Mr. Ferrara [counsel for Eberhard], I don't expect you asking anything that's embarrassing or that's infringing upon their ability to be an effective law firm and market themselves.
>
> Your client says he wants money because he's — you should be focusing on those issues: Who did he talked to; when did he talk to; what was his expectation; find out what concrete work, if any, was done; did they ever receive it. You know, things that are foundational, not how much profit were they expecting; you know, how many offices extra did they build out, all that. You know, because by the time they moved, your client was out of the picture. So the damage was already done, if any. All right.
>
> So the other things that they're worried about finding out about, partner compensation and what their expected fees are and their place of market share, that really doesn't have much to do with this. This is — as I said earlier, this would be the same. If this was going to be a storefront selling used clothing and one party got something and then they used somebody else, all right, did they use the same designs? Did they lead somebody on? That's what we're here about, not what that business's projected sales were or who was involved in capitalizing the business. I mean, that doesn't matter.
>
> We need to know who the decision makers were and whether there was any agreement or whether there was any unjust enrichment, all that, you know. That's the focus, not how they expected to take the Cleveland market by storm or how they were faring, what their reasons were for the merger. * * *

[Y]ou don't really need to get into the dollars and cents to find out what they were thinking and what their needs were going to be.

Tr. 26, 27.

**{¶9}** The trial court also encouraged them to conduct the depositions at the court so that the court could immediately rule on any issues of confidentiality. The trial court subsequently entered a judgment denying the motions for protective orders, the motion to quash, and the motion for sanctions.

## Protective Order Regarding Documents

**{¶10}** In its first assigned error, SZD argues the trial court erred by denying its motion for a protective order in which it requested that the documents it gave to Eberhard be placed under seal. SZD contends information regarding the lease would necessarily contain confidential information regarding the negotiation of the merger, which occurred during the time the lease was being negotiated.[1]

**{¶11}** At the outset, we will address Eberhard's contention that SZD's appeal was not timely filed because the first protection order addressed the same issues contained in SZD's second and third motions for protection orders. Eberhard contends that the appeal should have been filed when the trial court denied the first protection order. Our review of the motions shows they concern different subject matters.

---

[1]Eberhard contends the lease and related information regarding architectural work was relevant to its case because Eberhard provided SZD with services regarding these subjects and contended that SZD used the information to capitalize on its bidding process regarding its new lease.

**{¶12}** In its first motion for a protection order, SZD refused to provide Eberhard with requested documents and refused to answer several interrogatories. After the court denied the first motion, SZD provided Eberhard with the information with the reservation to mark them confidential. SZD then filed the second motion for a protection order requesting that the documents be marked confidential so that only the litigants and their attorneys would be able to review the information. In its third motion for a protection order, SZD requested that the deposition testimony be considered confidential. Because of the differences between the redress sought in the motions, we conclude that the court's ruling on the first protection order did not address the same issues in the second and third motions. Therefore, SZD filed a timely appeal from the trial court's denial of its second and third motions.

**{¶13}** We review the trial court's decision to deny a motion for a protective order for an abuse of discretion. *Li v. Olympic Steel, Inc.*, 8th Dist. Cuyahoga No. 97286, 2012-Ohio-603, ¶ 6, citing *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592, 1996-Ohio-265, 664 N.E.2d 1272. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980). Courts apply a balancing test in determining whether to grant protective orders, weighing the competing interests to be served by allowing discovery to proceed against the harm that may result. *Arnold v. Am. Natl. Red Cross*, 93 Ohio

App.3d 564, 576, 639 N.E.2d 484, 491-492 (8th Dist.1994), citing *Doe v. Univ. of Cincinnati*, 42 Ohio App.3d 227, 231, 538 N.E.2d 419 (10th Dist.1988).

**{¶14}** "[T]he burden of showing that testimony or documents are confidential or privileged rests upon the party seeking to exclude it." *Covington v. The MetroHealth Sys.*, 150 Ohio App.3d 558, 2002-Ohio-6629, 782 N.E.2d 624, ¶ 24 (10th Dist.). Merely claiming the information is confidential is insufficient to sustain the burden. *Ro-Mai Industries v. Manning Properties*, 11th Dist. Portage No. 2009-P-0006, 2010-Ohio-2290, ¶ 28.

**{¶15}** In the instant case, SZD stated that the documents contained confidential information because at the time it entered into the new lease, it was also negotiating a merger with another law firm. The court stated several times that it did not understand what was "unique" or "confidential" regarding the documents and also stated that "nobody's asked me to look at them, and we've been available." (Tr. 11.) The court verified with Eberhard that none of the documents concerned the attorneys' salaries or financial books.

**{¶16}** Unfortunately, because SZD never requested an in camera inspection of the documents, there is no evidence in the record, beyond SZD's bald assertions, that the documents include confidential or proprietary information. Thus, the trial court did not abuse its discretion by denying the motion because SZD failed to sustain its burden to show that the documents contained confidential and proprietary information. *See Pyko v. Frederick*, 25 Ohio St.3d 164, 166, 495 N.E.2d 918 (1986) (by failing to request an in

camera review of the file, the movant failed to sustain its burden of showing the file contained information relevant to the attorney-client privilege); *Hope Academy Broadway Campus v. White Hat Mgt., L.L.C.*, 10th Dist. Franklin No. 12AP-116, 2013-Ohio 911 (because the trial court did not have an opportunity to review the documents that appellant claimed were confidential and proprietary, it did not abuse its discretion by denying the motion for a protective order because appellant did not meet its burden.) In fact, our review is limited because we, like the trial court, have nothing before us to determine if the documents contained confidential and proprietary materials. Accordingly SZD's first assigned error is overruled.

### Protective Order Regarding Deposition Testimony

{¶17} In its second assigned error, SZD argues the trial court erred by denying its motion for a protective order in which it argued the deposition testimony of the firm representatives should be marked confidential and sealed. SZD also argues the trial court erred by refusing to quash the subpoenas.

{¶18} SZD essentially sets forth the same arguments regarding the deposition testimony as it did for the denial of the motion for a protective order regarding the documents. As we stated above, the record does not show that SZD met its burden regarding the confidential and proprietary information it seeks to protect. Thus, the court's denial of the motion was not an abuse of discretion.

{¶19} Moreover, the court stated on the record as follows:

> Well, I'm denying the protective order. There will be an exception. If you think there is something that is so significant that it can't be breathed outside of the deposition room, submit it in camera and make a whole list.

Tr. 22. Thus, the court left open an avenue for SZD to contest specifically which part of the testimony should be sealed. The court also suggested the parties conduct the depositions at the court, which would allow the court to immediately rule on any confidentiality concerns. We conclude the trial court did not abuse its discretion in handling the matter.

**{¶20}** SZD also argues the trial court erred by not quashing the subpoenas because they were not served in a timely manner and were not served by a process server appointed by the court as required by Civ.R. 45.

**{¶21}** Our review of the record shows that SZD was served both by subpoena pursuant to Civ.R. 45 and by notice of examination pursuant to Civ.R. 30(B). The record shows that the notice pursuant to Civ.R. 30(B) was served on March 21, 2013, for a deposition date of April 4, 2013. This two-week notice was reasonable. The subpoenas made the same requests as contained within the notice of examination, therefore, SZD should not have been prejudiced by the late service of process regarding the subpoenas because it was already provided notice of the deposition date.

**{¶22}** We also conclude the subpoenas were served by a court-appointed process server. In response to SZD's motion to quash, Eberhard filed a motion in opposition to which it attached a judgment entry by the administrative judge entered on January 13, 2013, appointing the Cefaratti Group to serve as official process servers for the court.

An employee of the Cefaratti Group served the subpoenas. Moreover, even if the subpoenas were not served by a court-appointed process server, SZD was served with the Civ.R. 30(B) notice of examination.

{¶23} Also attached to the motion in opposition were copies of emails wherein counsel for Eberhard attempted to comply with Loc.R. 13(B)(1), Civ.R. 26, and Civ.R. 30, by requesting several times for a date that was compatible with the witnesses' schedules. Due to SZD's failure to provide a date, Eberhard notified SZD by an email sent on March 14, 2013, that if it did not provide a date, Eberhard would schedule the deposition without input from SZD. We conclude the trial court did not abuse its discretion by refusing to quash the subpoenas; Eberhard complied with the local and civil rules. SZD's second assigned error is overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MELODY J. STEWART, A.J., and

TIM McCORMACK, J., CONCUR