[Cite as *Am. Environmental Group, Ltd. v. H.M. Miller Constr. Co.* , 2014-Ohio-4681.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 100854

---

## AMERICAN ENVIRONMENTAL GROUP, LTD.

### PLAINTIFF-APPELLEE

vs.

## H.M. MILLER CONSTRUCTION CO., ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-810811

**BEFORE:** E.T. Gallagher, J., Boyle, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEYS FOR APPELLANTS**

Aaron S. Evenchik
Rick L. Amburgey
Andrew J. Natale
Frantz Ward L.L.P.
2500 Key Center
127 Public Square
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Mark F. Craig
Michael P. O'Donnell
David Sporar
Brouse McDowell, L.P.A.
600 Superior Avenue, East
Suite 1600
Cleveland, Ohio 44114

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendants-appellants, H.M. Miller Construction Co. ("H.M.M.") and Ohio Farmers Insurance Company ("OFIC"), collectively ("appellants"), appeal the denial of their motion to quash subpoenas and for protective order. We find merit to the appeal, reverse the trial court's judgment and remand the case to the trial court for an in camera inspection of the subpoenaed documents.

**{¶2}** This case arises from a construction project in the city of Fremont, Ohio ("Fremont" or "the city"). The city planned to build a raw water reservoir and hired H.M.M. as the general contractor for the project. Fremont also retained Arcadis, U.S. Inc. ("Arcadis"), as the project engineer. OFIC was the surety for the payment bond on the project.

**{¶3}** During construction, problems were discovered in the rock floor of the reservoir that necessitated a change from a clay-lined reservoir to a geosynthetic-lined reservoir. In May 2011, H.M.M. subcontracted with plaintiff-appellee, American Environmental Group Ltd. ("AEG"), to install the geosynthetic liner. Payment and contract disputes subsequently arose between Fremont and H.M.M., and H.M.M. failed to pay AEG for the work it performed on the project. Ultimately, AEG filed a lien against public funds, asserted a claim against the payment bond, and filed suit against H.M.M., OFIC, and Fremont in the Sandusky County Court of Common Pleas. The parties recognized that H.M.M.'s failure to pay AEG was caused, in part, by the city's refusal to

pay H.M.M. In June 2012, H.M.M. filed suit against Fremont in the Sandusky County Common Pleas Court.

{¶4} In June 2012, H.M.M. and Fremont participated in mediation to review the claims and discuss completion of the project. The parties reached an agreement in which Fremont agreed to pay a portion of H.M.M.'s and AEG's claims, and H.M.M. agreed to complete the project as outlined in a "Memorandum of Understanding" between Fremont and H.M.M.

{¶5} H.M.M. subsequently met with AEG to review the Memorandum of Understanding and to obtain AEG's agreement to complete the reservoir project. Following negotations, H.M.M., AEG, and OFIC entered into a "Liquidating and Joint Prosecution Agreement" ("Joint Prosecution Agreement"), in which they agreed to resolve the payment dispute between them and to collectively prosecute their claims against Fremont. The Joint Prosecution Agreement provided, in relevant part:

> CONTRACTOR [H.M.M.] and SUBCONTRACTOR [AEG] agree to jointly prosecute their respective claims relating to the project against the Project Owner through Contractor's existing lawsuit in the Common Pleas Court of Sandusky County, (Case No. 12 CV 758) ("Lawsuit") which claims will include those of SUBCONTRACTOR. Although SUBCONTRACTOR need not be a party to that Lawsuit to mitigate SUBCONTRACTOR's legal expense. CONTRACTOR consents to sponsor SUBCONTRACTOR's claims in the Lawsuit and all related alternative dispute resolution procedures, with SUBCONTRACTOR's reasonable cooperation, in accordance with the Contract and applicable law, subject to CONTRACTOR's sole right to direct and manage litigation.

{¶6} The litigation between H.M.M. and Fremont remained unresolved, and H.M.M. and Freemont participated in a second mediation in October 2012. The parties

were unable to resolve their dispute at this mediation. Consequently, Fremont filed suit against the project engineer at Arcadis in the Sandusky County Court of Common Pleas. This case was assigned to the same judge as other litigation arising from the Fremont reservoir project.

{¶7} In an effort to settle all the litigation, Fremont, Arcadis, H.M.M., and another construction company participated in a third mediation in January 2013 ("the Global Mediation"). H.M.M. invited AEG to attend the mediation, but AEG declined. H.M.M. and Fremont resolved their dispute at the mediation, and Fremont paid H.M.M. a lump sum of $6.75 million to settle all claims. Although AEG claimed it was entitled to almost $1 million, H.M.M. only paid AEG $144,622. As a result, AEG filed a complaint against appellants in the Cuyahoga County Common Pleas Court, asserting claims for (1) breach of contract, (2) a declaratory judgment declaring that H.M.M.'s payment under the Joint Prosecution Agreement was not properly calculated under the terms of that agreement, and (3) a claim against the payment bond for the reservoir project. Appellants answered the complaint and asserted two counterclaims for declaratory judgment declaring (1) that H.M.M. properly paid AEG in full under the Joint Prosecution Agreement, and (2) that OFIC is not obligated to pay any additional amounts to AEG under the payment bond.

{¶8} In September and October 2013, AEG issued subpoenas duces tecum to Fremont and Arcadis, neither of whom are parties to this case. AEG served appellants with notice of the subpoenas. In November 2013, appellants filed a motion to quash the

subpoenas, or in the alternative, for protective order on the basis that the documents sought by AEG constituted privileged mediation communications under R.C. 2710.01 et seq.

{¶9} In an order denying the motion to quash, the trial court stated:

Insofar as the motion is for a protective order, the issue is not yet justiciable because I cannot assess whether the claimed privilege applies to any of the documents without knowing what the documents are.

\*     \*     \*

Therefore, once the plaintiff gets the documents it must produce a complete copy of them to the defendants. Once the defendants review the documents, they are welcome to file another motion for protective order to prevent plaintiff from using privileged mediation communications in discovery or at trial and to "claw back" any such communications. The motion should include a request for an in camera inspection of the documents at issue.

In the meantime, until the privilege is decided, the plaintiff's counsel is prohibited from sharing with the plaintiff, consulting experts, and other witnesses, any documents received in response to the subpoenas.

Appellants now appeal from this judgment.

## Final Appealable Order

{¶10} As a threshold matter, we must determine whether the appeal is properly before us. Pursuant to R.C. 2505.03(A), the jurisdiction of courts of appeals is limited to the review of final orders, judgments, or decrees. *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, ¶ 44. We must therefore determine whether the trial court's judgment denying appellants' motion to quash and for protective order was a final, appealable order.

**{¶11}** Discovery orders are generally considered interlocutory and are not immediately appealable. *Walters v. The Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 120-121, 676 N.E.2d 890 (1997). However, certain discovery orders may be final, appealable orders if they satisfy the conditions set forth in R.C. 2505.02(A)(4) for provisional remedies. Appellants contend the trial court's judgment constitutes a provisional remedy that is immediately appealable.

**{¶12}** R.C. 2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to * * * discovery of privileged matter." An order that grants or denies a provisional remedy is only a final, appealable order if both of the following apply:

> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(B)(4)(a) and (b).

**{¶13}** This court has held that an order for the production of privileged information is a provisional remedy. *Johnson v. Univ. Hosps. of Cleveland*, 8th Dist. Cuyahoga No. 80117, 2002 Ohio App. LEXIS 1428, * 17 (Mar. 28, 2002). In this case, AEG sought production of documents generated during the mediation of two separate lawsuits. Subject to certain limitations, communications exchanged in mediation are confidential and are neither discoverable nor admissible. R.C. 2710.03; *Akron v. Carter*,

190 Ohio App.3d 420, 427, 2010-Ohio-5462, 942 N.E.2d 409 (9th Dist.). Appellants' motion to quash and for protective order sought to prevent production of documents that are potentially subject to the mediation privilege. Thus, the trial court's order granted a provisional remedy under R.C. 2505.02(A)(3).

{¶14} Next, we must determine whether the disclosure of the documents would conclusively determine the action with regard to those materials. R.C. 2505.02(B)(4)(a). Obviously, once the information is disseminated to AEG, it is no longer confidential. Appellants would be prevented from a judgment in their favor regarding the provisional remedy at the close of trial. *See* R.C. 2505.02(B)(4)(a). Therefore, the trial court's order meets the finality requirement set forth in R.C. 2505.02(B)(4)(a).

{¶15} Finally, we must determine whether appellants would have a meaningful remedy by way of appeal following final judgment on all issues, claims, and parties. R.C. 2505.02(B)(4)(b). If appellants are required to disclose privileged information, there exists no meaningful or effective remedy should the discovery order have been in error because once the information has been disclosed, there is no way to undo the disclosure. Although the disclosure was limited to AEG's counsel, it still constitutes disclosure to a third party who is not a holder of the privilege. Therefore, appellants have met the requirement set forth in R.C. 2505.02(B)(4)(b).

{¶16} Accordingly, we find the trial court's judgment is a final, appealable order.

**Standard of Review**

**{¶17}** Discovery disputes are generally reviewed under an abuse of discretion standard. *Tracy v. Merrell Dow Pharmaceuticals, Inc.*, 58 Ohio St.3d 147, 151-152, 569 N.E.2d 875 (1991). However, "if the discovery issue involves an alleged privilege * * * it is a question of law that must be reviewed de novo." *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13, citing *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237. Because this appeal involves the discovery of allegedly privileged documents, we apply a de novo standard of review. *Id.*

### Mediation Privilege

**{¶18}** In their sole assignment of error, appellants argue the trial court erred in denying their motion to quash and for protective order. They contend the trial court should have granted the motion because the requested documents are privileged.

**{¶19}** The party seeking to exclude documents bears the burden of demonstrating that the documents are confidential or privileged. *Eberhard Architects L.L.C., v. Schottenstein, Zox & Dunn Co.*, 8th Dist. Cuyahoga No. 99867, 2013-Ohio-5319, ¶ 14, citing *Covington v. MetroHealth Sys.*, 150 Ohio App.3d 558, 2002-Ohio-6629, 782 N.E.2d 624, ¶ 24 (10th Dist.). Merely claiming the information is privileged is insufficient to sustain this burden. *Id.*, citing *Ro-Mai Industries v. Manning Props.*, 11th Dist. Portage No. 2009-P-0006, 2010-Ohio-2290, ¶ 28.

**{¶20}** In this case, appellants asserted that AEG's subpoenas duces tecum sought documents from Arcadis and Freemont that were privileged under Ohio's Uniform

Mediation Act, R.C. 2710.01, et seq. R.C. 2710.07 provides that "mediation communications are confidential to the extent agreed by the parties or provided by other sections of the Revised Code." Ohio's Uniform Mediation Act also expressly recognizes that "a mediation communication is privileged * * * and is not subject to discovery or admissible in evidence * * * unless [the privilege is] waived or precluded as provided in section 2710.04 Revised Code." R.C. 2710.03(A). The statute recognizes waiver only if the privilege "is expressly waived by all mediation parties and by * * * [the] mediator [in regard to a mediation communication of the mediator] * * * [or] the nonparty participant [in regard to his/her mediation communication]." R.C. 2710.04(A).

{¶21} For practitioners in the area of mediation, the expectation of confidentiality and the privilege afforded mediation communication is critical to the success of mediation. Disregarding the privilege contained under Ohio's Uniform Mediation Act not only contravenes well-established law, but it also threatens the vitality of mediation. Therefore, where there is evidence of privileged mediation communications, a trial court should not order the release of such privileged communications, even if disclosure is limited to the opposing party's counsel.

{¶22} The record contains evidence that AEG's subpoenas duces tecum seek documents from Arcadis and Fremont that were privileged under Ohio's Uniform Mediation Act. In fact, AEG even acknowledged in its response in opposition to H.M.M. and OFIC's motion to quash and motion for a protective order that it was seeking "certain information about the mediation." Although AEG did not attend the mediation,

its position was simply that it should be entitled to the mediation communications on the grounds that (1) "AEG is a party to [the mediation] by virtue of having its claims sponsored by HMM," (2) AEG was invited to attend the mediation, and (3) AEG's claims were allegedly compromised in excess of $700,000 at the mediation. But these stated reasons are not exceptions to privilege under Ohio's Uniform Mediation Act. *See* R.C. 2710.05. Nor does AEG claim that any of the exceptions apply.

{¶23} Further, it is apparent from the trial court's order that the trial court also recognized that a privilege exists in at least some of the requested documents. Notably, the trial court did not outright deny H.M.M.'s motion to quash and motion for a protective order. Instead, the trial court limited the release of the documents to AEG's counsel only. The trial court believed that any harm in releasing privileged documents to AEG's counsel could be remedied later through the filing of another motion for a protective order and a "claw back" of the privileged documents. This solution violates Ohio's Uniform Mediation Act.

{¶24} Some of the documents AEG seeks by subpoena may not be subject to the mediation privilege. In order to separate privileged from unprivileged material, the trial court should have conducted an in camera inspection of the records to make that determination, prior to the release of the documents. *See Csonka-Cherney v. Arcelormittal Cleveland, Inc.*, 8th Dist. Cuyahoga No. 100128, 2014-Ohio-836, ¶ 16 (when there is a dispute over whether certain documents are privileged, "a court should conduct an in camera inspection of those records to make that determination").

**{¶25}** Further, H.M.M.'s failure to produce a privilege log earlier is not fatal to the protection of the privileged documents at issue. *Id.* Indeed, H.M.M. did not possess the documents they seek to have protected — the motion to quash related to AEG's subpoenas propounded upon party participants to the mediation but non-parties to the present lawsuit. Thus, because the privileged documents are possessed by non-parties that H.M.M. has no control over, the failure to produce a privilege log is understandable in this case. Moreover, had H.M.M. not objected to the production of the documents (prior to obtaining a privilege log), the non-parties may have released the privileged documents, leaving H.M.M. with no recourse.

**{¶26}** The trial court's attempt to mitigate the damage caused by the disclosure of confidential records by limiting the release of the documents only to AEG's counsel is insufficient to protect the privileged documents. Once privileged information is disclosed, there is no way to undo the disclosure. Therefore, we conclude that the trial court abused its discretion in ordering the release of all the requested documents, including those that fall within the ambit of a mediation communication.

**{¶27}** Our decision does not make a determination on whether the contractual relationship between AEG and H.M.M. moots the issue of privilege altogether. AEG concedes in its brief that "[t]he issue of who is a mediation party is not addressed in the trial court's decision and is not properly before this Court."

**{¶28}** Accordingly, the sole assignment of error is sustained.

**{¶29}** Judgment reversed and case remanded to the trial court to conduct an in camera inspection of the subpoenaed documents.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR