[Cite as *Whitehead v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-625.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| DENNIS WHITEHEAD | Case No. 2022-00436PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS | |
| Respondent | |

**{¶1}** Requester Dennis Whitehead, a self-represented litigant, objects to a Special Master's Report and Recommendation in this public-records case. The Court overrules Whitehead's objections for reasons that follow.

## I.    Background

**{¶2}** On May 25, 2022, Whitehead filed a public-records complaint against Respondent Ohio Department of Rehabilitation and Corrections (ODRC), asserting that ODRC denied him access to public records in violation of R.C. 149.43(B). In Whitehead's Complaint, Whitehead has referenced a previous public-records case that he filed in this Court—*Dennis Whitehead v. Ohio Dept. of Rehab. and Corr.-Bur. of Record Mgt.*, Ct. of Cl. No. 2020-00116PQ.[1] The Court appointed a Special Master, who referred the case

---

[1]    In the public-records complaint, Whitehead alleged:

Records request, based upon court directions in case #202-00116PQ, submitted via email to ODRC on June 14, 2021. Not receiving any acknowledgement of receipt, called and was told to mail hardcopy. Mailed hardcopy and sent email on July 13, 2021 - no acknowledgement. Further attempts to confirm yielded non-specific response from ODRC counsel on August 19, 2021, "Thank you, Mr. Whitehead, we are working on your request," and nothing since, in spite of further inquiries.

Whitehead further alleged: "The ODRC 'denial' is by slow-walk, acknowledged neither in writing nor spoken; rather in their silence. I am asking the Court to order ODRC to release without further delay."

to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket.

{¶3} On November 7, 2022, in a combined filing, ODRC responded to Whitehead's Complaint and moved for dismissal of the Complaint on grounds of res judicata, the doctrine of claim preclusion, and on grounds that the requested information does not exist, no longer exists, or is subject to confidentiality under both the Ohio Revised Code and the Ohio Administrative Code, and that Whitehead is asking ODRC to generate or create records that do not exist.

{¶4} On January 24, 2023, the Special Master issued a Report and Recommendation (R&R). The Special Master recommends denying ODRC's motion to dismiss because none of ODRC's defenses are conclusively shown on the face of the Complaint to cover all of the current requests. (R&R, 4-5.) Upon consideration of the pleadings and attachments, the Special Master further "recommends the court DENY the claim for production of additional records. It is recommended that court costs be assessed to requester." (R&R, 10.)

{¶5} On February 1, 2023, Whitehead filed written objections to the Report and Recommendation. Whitehead has accompanied his objections with a certification that a copy of the objections was served via certified mail on ODRC's counsel and this Court.

{¶6} On February 21, 2023, ODRC filed a response to Whitehead's written objections. ODRC accompanied its response with a certification that a copy of its response "has been served upon Plaintiff via email, postage prepaid."[2] ODRC contends that Whitehead's objections should be overruled because (1) Whitehead has failed to produce binding authority contradicting the application of R.C. 5120.21(F) to any remaining records withheld by ODRC, (2) Requester's revised request submitted during mediation is not the subject of this lawsuit, and an amended complaint cannot change the content or nature of the original public records request, (3) res judicata applies to all

---

[2]     R.C. 2743.75(F)(2) requires a response to a party's objections to be sent by certified mail, return receipt requested. *See* R.C. 2743.75(F)(2) ("[i]f either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested"). Respondent's response is procedurally defective because, according to Respondent's counsel's certification, Respondent's response was not sent to Requester by certified mail, return receipt requested.

records at issue in Requester's prior litigation, and (4) if the Special Master's Report and Recommendation is adopted, then Requester is obligated to pay court costs.

## II. Law and Analysis

{¶7} The General Assembly has created an alternative means to resolve public-records dispute through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under R.C. 2743.75(F)(1), not later than seven business days after receiving a response of a public office or person responsible for public records, or a motion to dismiss a complaint, if applicable, a special master is required to "submit to the court of claims a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint." However, for good cause shown, a special master "may extend the seven-day period for the submission of the report and recommendation to the court of claims under this division by an additional seven business days." R.C. 2743.75(F)(1).

{¶8} R.C. 2743.75(F)(2) governs the filing of objections to a special master's report and recommendation. Under R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶9} R.C. 2743.75(F)(2) requires that any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." Here, Whitehead seeks to obtain certain records concerning Posteal Laskey, Jr., a former inmate who is deceased. In the objections, Whitehead urges, "Common Law holds that privacy rights do not extend beyond the grave; that they are a personal right applying only to the living, and not the deceased. The Ohio Public Records Act does not address post-mortem privacy rights, and Ohio has neither privacy nor constitutional right

to privacy. In the absence of statute, the court is left to weigh and decide upon issues falling into this gap in law."

{¶10} Despite Whitehead's view of this Court's authority in this matter, the jurisdiction of the Court of Claims "is limited by statute and specifically confined to the powers conferred by the legislature." *State ex rel. DeWine v. Court of Claims of Ohio*, 130 Ohio St.3d 244, 2011-Ohio-5283, 957 N.E.2d 280, ¶ 21. Under R.C. 2743.75(A), except for a court that hears a mandamus action pursuant to R.C. 149.43(B), the Court of Claims "shall be the sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of that section." *See also* R.C. 2743.03(A)(3)(b). This Court's sole and exclusive authority to adjudicate or resolve complaints based on alleged violations of R.C. 149.43(B), however, is not limitless. For example, under Ohio case law this Court "has no subject-matter jurisdiction over alleged violations of constitutional rights." *Myles v. Twin Valley Behavior Healthcare*, 10th Dist. Franklin No. 20AP-452, 2021-Ohio-2119, ¶ 5.

{¶11} Despite Whitehead's invitation for the Court to determine post-mortem privacy rights under the Ohio Public Records Act or to consider constitutional issues, the issue before the Court is whether the Special Master's Report and Recommendation is correctly based on the ordinary application of statutory law and case law as they existed at the time of the filing of Whitehead's Complaint. *See* R.C. 2743.75(F)(1). Based on the Court's review, the Court finds that the Special Master's Report and Recommendation is correctly based on the ordinary application of statutory and case law as they existed at the time that Whitehead filed his Complaint.

{¶12} Whitehead's discussion in his objections of the parties' mediation in this case is unpersuasive, because, as noted by the Eighth District Court of Appeals, "[s]ubject to certain limitations, communications exchanged in mediation are confidential and are neither discoverable nor admissible." *Am. Environmental Group, Ltd. v. H.M. Miller Constr. Co.*, 8th Dist. Cuyahoga No. 100854, 2014-Ohio-4681, ¶ 13, citing R.C. 2710.03; *Akron v. Carter*, 190 Ohio App.3d 420, 427, 2010-Ohio-5462, 942 N.E.2d 409 (9th Dist.). And Whitehead's contention that res judicata "has no application in this case" also is unpersuasive. *See Parker v. Ohio Dep't of Job & Family Servs.*, 5th Dist. Knox No. 19CA000031, 2021-Ohio-611, ¶ 50, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d

379, 653 N.E.2d 226 (1995), syllabus ("[r]es judicata is defined as '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action'").

**III.     Conclusion**

{¶13} The Court overrules Whitehead's objections for reasons set forth above.  The Court adopts the Special Master's Report and Recommendation.  In accordance with the Special Master's recommendation, the Court denies Whitehead's claim for production of additional records. Court costs are assessed to Whitehead.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK E. SHEERAN
Judge

**Filed February 22, 2023**
**Sent to S.C. Reporter 3/2/23**